United States District Court
Southern District of Texas
**ENTERED**
September 01, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TASHIKA SIMPSON, *et al*, Plaintiffs, | § § § § § | CIVIL ACTION NO. 4:19-cv-03140 |
| vs. | § § § | JUDGE CHARLES ESKRIDGE |
| IASIS HEALTHCARE CORPORATION, *et al*, Defendants. | § § § § | |

MEMORANDUM AND ORDER
GRANTING MOTION TO DISMISS

The motion to dismiss by Defendants IASIS HealthCare Corporation, IASIS Healthcare Holdings, Inc, and SJ Medical Center, LLC is granted. Dkt 21.

1. Background

The original complaint brought by Plaintiffs Tashika and Keith Simpson is threadbare at less than five pages. Dkt 1. Pertinent allegation of underlying facts is largely made with incorporation by reference to an EEOC "Charge of Discrimination" filed by Tashika Simpson in July 2019. See Dkt 1-2. Those allegations are themselves limited to three short paragraphs.

Tashika Simpson injured her right shoulder in August 2018 while working in the "Labor and Delivery" department of St. Joseph Medical Center. Id at 2. She asked her manager for light duty, who denied the request on assertion that the department had none available. Simpson was instead placed on workman's compensation from August to October. She then

started working light duty in the "Employee Health" department in October 2018. Ibid.

An attachment to the complaint establishes that Simpson is forty-seven years old and designates her race as "Black or African American." Dkt 1-4 at 1. She alleges that two white employees were allowed to work light duty in the Labor and Delivery department during this time. One was injured and the other was pregnant. She also alleges that three other white employees were granted the same accommodation at some other indeterminate time. Dkt 1-2 at 2.

Simpson alleges that she made further requests for light duty in the Labor and Delivery department, which were denied with instruction that she request leave through the Family Medical Leave Act. Id at 3. She states that to her knowledge no such requirement was made of her white coworkers. Ibid.

She alleges that her allotment of FMLA leave ran out in June 2019, but her doctor wouldn't release her for regular duty until July. She asserts that a human resources manager informed her that she would have to find another job in the hospital system. Ibid.

Simpson filed an EEOC complaint in July 2019. Dkt 1-2. The EEOC then issued a right-to-sue letter. Dkt 21 at 4. She commenced this action in August 2019. Dkt 1. The causes of action are not a model of clarity. See Dkt 1 at ¶¶ 12–13. They are construed as follows:

- o   Age discrimination under the Age Discrimination in Employment Act, 29 USC § 621, et seq;
- o   Race discrimination and retaliation under Title VII of the Civil Rights Act of 1964, 42 USC § 2000e, et seq;
- o   Disability discrimination under the Americans With Disabilities Act, 42 USC § 12112, et seq;
- o   Negligence; and
- o   Denial of ERISA benefits.

Plaintiff Keith Simpson is the husband of Tashika Simpson. He was included as a plaintiff for unclear reasons. The parties stipulated to his dismissal. Dkt 20. He has been dismissed without prejudice from this litigation. Dkt 24.

Defendants filed a prior motion to dismiss. Dkt 6. Plaintiffs reacted by filing a motion seeking leave to file an amended complaint. Dkt 12. The parties had failed to confer prior to these filings. And so the motion to dismiss was denied without prejudice, and the motion to amend was stricken. See Dkt 19. The parties were ordered to confer in good faith and in person. Simpson was ordered to file a motion for leave to amend by February 10, 2020 if still desired. Dkt 19 at 2.

No amendment was sought. Defendants again moved to dismiss the original complaint. Dkt 21. They alternatively seek a more definite statement pursuant to Rule 12(e).

2. Legal standard

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a plaintiff's complaint to provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 12(b)(6) allows the defendant to seek dismissal if the plaintiff fails "to state a claim upon which relief can be granted."

Read together, the Supreme Court has held that Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v Iqbal*, 556 US 662, 678 (2009), quoting *Bell Atlantic Corp v Twombly*, 550 US 544, 555 (2007). To survive a Rule 12(b)(6) motion to dismiss, the complaint "must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v Taylor*, 503 F3d 397, 401 (5th Cir 2007), quoting *Twombly*, 550 US at 555.

Review on motion to dismiss under Rule 12(b)(6) is constrained. The reviewing court "must accept all well-pleaded facts as true, and . . . view them in the light most favorable to the plaintiff." *Walker v Beaumont Independent School District*, 938 F3d 724, 735 (5th Cir 2019) (citation omitted). And the court generally

"must limit itself to the contents of the pleadings, including attachments thereto." *Brand Coupon Network LLC v Catalina Marketing Corp*, 748 F3d 631, 635 (5th Cir 2014) (citation omitted). "The court may also consider documents attached to either a motion to dismiss or an opposition to that motion when the documents are referred to in the pleadings and are central to a plaintiff's claims." Ibid (citation omitted).

A court should typically give a plaintiff at least one chance to amend under Rule 15(a) before dismissing the action with prejudice for factual pleading insufficiency. See *Stripling v Jordan Production Co, LLC*, 234 F3d 863, 872–73 (5th Cir 2000). "But leave may be denied when it would cause undue delay, be the result of bad faith, represent the repeated failure to cure previous amendments, create undue prejudice, or be futile." *Morgan v Chapman*, 2020 WL 4558954, *7 (5th Cir), citing *Smith v EMC Corp*, 393 F3d 590, 595 (5th Cir 2004).

3. Analysis

a. Age-discrimination claim

Defendants argue that the age-discrimination claim against them under the ADEA is barred for failure to exhaust administrative remedies and for failure to comply with the statutory time requirement for bringing suit. Dkt 21 at 7.

A plaintiff suing under the ADEA must exhaust her administrative remedies before filing suit. *Foster v National Bank of Bossier City,* 857 F2d 1058, 1060 (5th Cir 1988). "Private sector employees must satisfy this requirement by filing an administrative charge with the EEOC." *McClain v Lufkin Industries, Inc,* 519 F3d 264, 273 (5th Cir 2008). Courts must construe a charge broadly when assessing whether it exhausts a particular claim. *Jefferson v Christus St. Joseph Hospital*, 374 F Appx 485, 490 (5th Cir 2010). A claim is only exhausted if it could have been "reasonably . . . expected to grow out of the charge of discrimination." *McClain,* 519 F3d 264, 273 (quotation marks and citations omitted).

The ADEA also provides, "No civil action may be commenced by an individual under this section until 60 days after

4

a charge alleging unlawful discrimination has been filed with the Equal Employment Opportunity Commission." 29 USC § 626(d)(1). A plaintiff who timely files an EEOC charge and then observes the 60-day waiting period has satisfied this statutory prerequisite. *Julian v City of Houston, Tex*, 314 F3d 721, 726 (5th Cir 2002).

Simpson did exhaust the requisite administrative remedies. She checked the box for age discrimination in her EEOC charge. Dkt 1-2 at 2. She also stated in her charge, "I believe that I was denied the available reasonable accommodation by Ms. Rene Huon based on my race and age." Id at 3. She further stated, "I believe that I was retaliated against for engaging in protected activity and discriminated against because of my age (46)." Ibid. This is more than sufficient to put the EEOC on notice of an age-discrimination claim. See *Anderson v Venture Express*, 694 F Appx 243 (5th Cir 2017) (unpublished) (suggesting that plaintiff could have avoided dismissal based on failure to exhaust by checking box for such claim in EEOC charge).

But Simpson didn't comply with the statutory time requirement for bringing suit. She filed her EEOC charge on July 30, 2019. Dkt 1-2 at 1. She then commenced this suit less than one month later on August 22, 2019. Dkt 1. Precedent is clear that "an ADEA-complainant may bring a claim only sixty days after filing an EEOC charge." *Barfield v Federal Express Corp*, 351 F Supp 3d 1041, 1050 (SD Tex 2019).

Simpson didn't wait the required sixty days. Her ADEA claim must be dismissed.

### b. Racial discrimination claim

A *prima facie* case for racial discrimination requires Simpson to demonstrate that she is a member of a protected class; was qualified for the position; was subject to an adverse employment action; and either was replaced by someone outside the protected class, or, in the case of disparate treatment, other similarly situated employees were treated more favorably. *Bryan v McKinsey & Co, Inc*, 375 F3d 358, 360 (5th Cir 2004) (citations omitted).

Simpson alleges that she was reassigned from her position in the Labor and Delivery department to light duty in Employee

5

Health. Dk 1-2 at 1–2. Defendants assert that Simpson's claim fails to plead sufficient factual allegations to support her *prima facie* case. Dkt 21 at 5, 10. The Court addresses the third and fourth elements of her claim.

*As to an adverse employment action.* The Fifth Circuit holds that a job transfer can be an adverse employment action if the new role is objectively worse—less prestigious, less interesting, or less upwardly mobile. *Alvarado v Texas Rangers*, 492 F3d 605, 613 (5th Cir 2007). "Whether the new position is worse is an objective inquiry." Id at 613–14.

Simpson fails to allege any facts concerning the desirability of working in Employee Health versus Labor and Delivery. Simpson may have preferred to work in Labor and Delivery, but "an employee's subjective preference for one position over another" is insufficient to prove an adverse employment action. *Hunt v Rapides Healthcare System, LLC*, 228 F3d 757, 771 (5th Cir 2001).

*As to replacement or disparate treatment.* The Fifth Circuit instructs that a similarly situated employee must present "nearly identical circumstances" to the plaintiff. *Lee v Kansas City Southern Railway Co*, 574 F3d 253, 260 (5th Cir 2009) (citations omitted). The conduct creating the similar treatment must be "comparably serious." *Perez v Tex Department of Criminal Justice, Institutional Division*, 395 F3d 206, 212 (5th Cir 2004).

Simpson alleges that her injury was a "pop" in her right shoulder. Dkt 1-4 at 8. Her EEOC charge references two white employees who were allowed to work light duty in the Labor and Delivery department. One was approved to work light duty even though five months pregnant and having some undisclosed injury. Dkt 1-2 at 2. No facts at all are alleged about any injury sustained by the other.

This fails to allege sufficient facts to show that these injuries and circumstances were "nearly identical." *Perez*, 395 F3d at 212. Indeed, this lack of pleaded facts prevents any comparison. See *Florence v Frank*, 774 F Supp 1054, 1060 (ND Tex 1991) (plaintiff

who suffered serious back injury requiring him to miss work for seven months wasn't similarly situated with employee who suffered thigh injury which lasted twenty days).

Simpson hasn't sufficiently pleaded the third and fourth elements of her *prima facie* case. This claim must be dismissed.

### c. Disability discrimination claim

A disability under the ADA is an "impairment [that] substantially limits a major life activity." *EEOC v Chevron Phillips Chemical Co, LP*, 570 F3d 606, 614 (5th Cir 2009). Defendants note that Simpson's EEOC charge includes some factual allegations regarding her disability discrimination claim, but that her complaint is otherwise "vague and ambiguous" and fails to provide the "factual or legal basis" for each claim. Dkt 21 at 6. This is so.

In the medical records attached to her complaint, Simpson reports "hearing a 'pop' after attempting to transfer a patient." Dkt 1-4 at 8. Elsewhere is submitted indication that she may have "mild degenerative joint disease and osteoarthritis." Dkt 1-3 at 2. But no facts are alleged about the extent of the injury, whether it substantially limits her, and what major life activities it affects.

This is insufficient. This claim must be dismissed.

### d. Retaliation claim

To plead a Title VII retaliation claim, a plaintiff must assert that she engaged in protected activity, an adverse action was taken against her, and the protected activity resulted in the adverse action. *Zamora v City of Houston*, 798 F3d 326, 331 (5th Cir 2015) (citations omitted). Protected activity is "opposition to any practice rendered unlawful by Title VII, including making a charge, testifying, assisting, or participating in any investigation, proceeding, or hearing under Title VII." *Ackel v National Communications, Inc*, 339 F3d 376, 385 (5th Cir 2003).

Defendants assert that Simpson's complaint doesn't adequately state a claim for retaliation. Dkt 21 at 10. They point to the single sentence in Simpson's complaint addressing retaliation: "Plaintiffs . . . sue for all allowable age, race, retaliation

and disability compensation benefits provided by their Ex. 'A' and 'A1' ERISA Benefits Plan and race, and age, discrimination, and acts of retaliation and personal injuries disabilities . . . ." Dkt 1 at ¶ 12.

Simpson alleges no facts in support of this claim. The only protected action that Simpson alleges taking in opposition to the purported discrimination was filing the EEOC charge in July 2019. Dkt 1-2 at 2. But this occurred after the alleged adverse actions in this case. As such, it cannot establish the necessary causal connection between the two.

This claim must be dismissed.

### e. ERISA benefits claim

Simpson demands all benefits available to her under her ERISA Benefits Plan. Dkt 1 at ¶¶ 12, 13. Defendants assert that she pleads no facts at all pertinent to this claim. Dkt 21 at 8–9.

Section 502(a)(1)(B) of ERISA empowers a plaintiff to sue to recover benefits due under the terms of an ERISA plan, to enforce rights under the terms of the plan, or to clarify rights to future benefits under the plan. *North Cypress Medical Center Operating Co, Ltd v Cigna Healthcare*, 781 F3d 182, 194 (5th Cir 2015), quoting 28 USC § 1132(a)(1)(B). A complaint must "contain enough facts about a plan's provisions to make a Section 502(a) claim plausible and give the defendant notice as to which provisions it allegedly breached." *Innova Hospital San Antonio, LP v Blue Cross and Blue Shield of Ga, Inc*, 995 F Supp 2d 587, 601 (ND Tex 2014).

Simpson alleges only that she "was injured while in the course and scope of her employment with St. Joseph Medical Center" and makes a demand for damages. Dkt 1 at ¶¶ 10, 12. She alleges no facts about how Defendants breached the terms of a benefit plan. There is an "Adverse Determination Letter" attached to the complaint that appears to include a few provisions of the plan. Dkt 1-3 at 2–3. But there is no explanation how those provisions were breached.

With neither provisions nor their breach specified, this claim must be dismissed.

### f. Alternative negligence claim

Simpson brings a negligence claim in the alternative. Dkt 1 at ¶ 13. Defendants argue she pleads very little as to any required element. Dkt 21 at 10.

A negligence claim under Texas law requires the pleading of a legal duty owed to the plaintiff by the defendant, a breach of that duty, an actual injury to the plaintiff, and a showing that the breach was the proximate cause of the injury. *Great Plains Trust Co v Morgan Stanley Dean Witter & Co*, 313 F3d 305, 314 (5th Cir 2002).

Simpson alleges an injury to her right shoulder. She makes no attempt to plead either a legal duty owed to her or a breach of that duty. She also makes only conclusory assertion that Defendants proximately caused her injuries, without any indication how this is so.

This claim must be dismissed.

### 4. Conclusion

The motion to dismiss is GRANTED. Dkt 21.

The Court specifically afforded Simpson a previous opportunity to seek leave to amend her complaint. Dkt 19. She declined to do so. And she states in her response on motion to dismiss that she stands by her complaint "without further amendment or supplement." Dkt 22 at 1. Such conduct could well support denial of any further leave to amend. *Morgan*, 2020 WL 4558954 at *7. But the Court has before it only the original complaint, and certain of the failures above can perhaps be corrected by an amended pleading.

The claims against Defendants IASIS Healthcare Corporation, IASIS Healthcare Holdings, Inc, and SJ Medical Center, LLC are DISMISSED WITHOUT PREJUDICE.

Plaintiff Tashika Simpson may file an amended complaint by September 18, 2020. Failure to do so will result in dismissal with prejudice and a final judgment entered in favor of Defendants.

SO ORDERED.

Signed on September 1, 2020, at Houston, Texas.

Hon. Charles Eskridge
United States District Judge